**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
IN THE COURT OF APPEALS**

In the Matter of the Care and Treatment of Franklin Mosier, Appellant.

Appellate Case No. 2017-001345

Appeal From York County
Daniel Dewitt Hall, Circuit Court Judge

Unpublished Opinion No. 2020-UP-286
Submitted May 8, 2020 – Filed October 14, 2020

**REVERSED AND REMANDED**

Appellate Defender LaNelle Cantey DuRant and Appellate Defender Victor R. Seeger, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

**HEWITT, J.:** This is an appeal from a circuit court order finding Franklin Mosier met the criteria for civil commitment as a sexually violent predator pursuant to the Sexually Violent Predator Act, S.C. Code Ann. § 44-48-10 through § 44-48-170 (2015). Mosier argues the circuit court erred in allowing an expert witness—a

forensic psychologist—to testify regarding a controversial test performed on Mosier that the expert neither administered nor observed.

We dealt with this same issue in *In the Matter of Micah A. Bilton*, issued today. *In the Matter of Micah A. Bilton*, Op. No. 5775 (S.C. Ct. App. filed October 14, 2020). Though the facts here are different in some respects, the differences are not meaningful, and the reasoning in *Bilton* controls. As we stated in that opinion, due process does not allow a testifying expert to be a pipeline for someone else's scientific work to be admitted into evidence without a baseline demonstration of reliability. Thus, for the reasons we gave in *Bilton*, we reverse the circuit court's judgment and remand for a new trial.

**REVERSED AND REMANDED.**[1]

**LOCKEMY, C.J., and GEATHERS, J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.